IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| P.R.S., *et al.*, | * | |
| Petitioners, | * | CASE NOS. |
| vs. | * | 4:25-cv-330 (P.R.S.)<br>4:25-cv-337 (J.A.C.C.) |
| WARDEN JASON STREEVAL, *et al.*, | * | 4:25-cv-343 (M.M.M.)<br>4:25-cv-347 (G.A.G.C.) |
| Respondents. | * | |

O R D E R

Petitioners are detainees at the Stewart Detention Center awaiting removal proceedings. They seek habeas corpus relief based on Respondents' refusal to provide them with a bond hearing and the opportunity for pre-removal release while the removal proceedings are pending. Respondents contend that Petitioners' detention is mandatory under 8 U.S.C. § 1225(b)(1) and/or 8 U.S.C. § 1225(b)(2). The above captioned cases involve common questions of law and fact. Therefore, they are consolidated pursuant to Federal Rule of Civil Procedure 42.

The Court has previously rejected Respondents' broad interpretation of § 1225(b)(2) that detention is mandatory for any alien who has not been lawfully admitted. *See J.A.M. v. Streeval*, Case No. 4:25-cv-342 (CDL), 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025). As held in that order, § 1225(b)(2) authorizes mandatory detention for an alien who has not been lawfully admitted to the

United States *and* who is "seeking admission." *Id.* at *3. The Court explained that "seeking admission" means that the alien is taking some affirmative act to gain legal admission to the United States. *Id.* In light of this interpretation, Respondents now argue that "seeking admission" should be read broadly to include any action by an alien at any time to remain in the United States and that each Petitioner has taken action that qualifies as "seeking admission" under the statute. This interpretation again ignores part of the statutory language and fails to consider the entire context of the statutory scheme.

The statute states, in relevant part, that an "alien shall be detained" pending removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2). Thus, the overall statutory scheme contemplates that § 1225(b)(2) mandates detention in the context of an alien who is "seeking admission" by being inspected by an "examining immigration officer" to determine whether the alien is clearly and beyond a doubt entitled to be admitted. If the officer makes a preliminary decision that the alien is not admissible based on that inspection, then detention is mandatory pending removal. "Seeking admission" within the context of § 1225(b)(2) necessarily involves inspection by an examining immigration officer upon arrival. This Court is not alone in this interpretation of the

2

statute. *See, e.g., Contreras Alvarez*, No. 1:25-CV-1313, 2025 WL 3151948, at *5 (W.D. Mich. Nov. 12, 2025) (Beckering, J.); *Rodriguez Serrano v. Noem*, No. 1:25-CV-1320, 2025 WL 3122825, at *5 (W.D. Mich. Nov. 7, 2025) (Jarbou, J.); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-CV-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025).

Applying this interpretation to the facts of each of the consolidated cases, the Court grants the petitions for habeas corpus relief in cases 4:25-CV-330 (P.R.S.) and 4:25-CV-337 (J.A.C.C.) because Respondents did not point to any evidence that an "examining immigration officer" inspected Petitioners when they arrived in the United States and determined that Petitioners were not clearly and beyond a doubt entitled to be admitted. Rather, Respondents contend that these Petitioners entered the United States *without inspection* and are "seeking admission" based on recent conduct that occurred years after Petitioners arrived in the United States and not in the context of a § 1225(b)(2) arrival inspection. The Petitioner in 4:25-CV-330 entered the United States without inspection in 2014 and filed a Form EOIR-42B in November 2025. The Petitioner in 4:25-CV-337 entered the United States without inspection in 1999 and filed a Form EOIR-42B in April 2022.

Although the Petitioners in these cases have not been lawfully admitted and at various times took some action that would allow

3

them to lawfully remain in the United States, these actions were taken outside the context of §1225(b)(2)'s "seeking admission" requirement. They did not involve a preliminary examination by an examining immigration officer upon initial entry to the United States, nor did they occur in close temporal proximity to their initial arrival. Accordingly, mandatory detention under § 1225(b)(2) is not authorized in these cases.

The Court also finds that mandatory detention is not authorized in 4:25-CV-343 (M.M.M.). In that case, Petitioner M.M.M. was inspected by an examining immigration officer upon entry into the United States in 2014. Petitioner M.M.M. was determined to be inadmissible and was ordered to be removed. Then, Petitioner M.M.M. sought asylum and claimed a fear of persecution. He was released on bond pending removal proceedings, which encompassed his asylum petition and assertion of a fear of persecution. Ten years later, in 2024, the Government dismissed the removal proceedings against Petitioner, concluding that they were no longer in the Government's best interest. This year, Petitioner was arrested, and the Government initiated new removal proceedings. Respondents argue that Petitioner M.M.M. must be detained under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV), which provides that alien who seeks asylum or claims a fear of persecution must be detained "pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed."

4

Respondents argue that when Petitioner M.M.M. was arrested this year, he entered custody in the same posture as when he was initially released from custody on bond in 2014. But the Government dismissed the removal proceedings that were initiated when Petitioner was deemed inadmissible in 2014, so those proceedings—and the associated asylum application—are no longer pending. Instead, the Government initiated new removal proceedings after it arrested Petitioner M.M.M. this year. Accordingly, the Court concludes that Petitioner M.M.M. is detained under 8 U.S.C. § 1226(a), not § 1225(b)(1), and that Petitioner M.M.M. is not subject to mandatory detention. Thus, Petitioner M.M.M. is entitled to a bond hearing.

Case 4:25-CV-347 (G.A.G.C.), however, is distinguishable from the other three cases. Petitioner G.A.G.C. was initially detained shortly after his illegal entry into the United States, and upon his detention, he sought to lawfully remain based on allegations that he was entitled to asylum. Although Petitioner G.A.G.C. was released from detention pending a decision on his asylum application, his removal proceedings were never dismissed. The Government has now dismissed his asylum application, and an immigration officer recently concluded that Petitioner G.A.G.C. does not have a credible fear of persecution. Respondents thus contend that his detention is mandatory under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). Importantly, Petitioner was inspected

5

by an examining immigration officer upon his initial entry and was subject to mandatory detention while his asylum claim was considered. The fact that he was released while that claim was considered does not eliminate Respondents' authority to detain him without a bond hearing. They did not waive the right to detain him by failing to follow the mandatory detention requirements of the statute. Under these circumstances, the Court finds that Petitioner G.A.G.C. has not established that he is entitled to the relief he seeks, and his petition for habeas corpus relief is denied.

## SUMMARY

The following Petitions for habeas corpus are granted to the extent that the Court orders Respondents to provide each petitioner with a bond hearing to determine if they may be released on bond under § 1226(a)(2) and the applicable regulations. *See* 8 C.F.R. §§ 236.1 & 1236.1: 4:25-cv-330 (P.R.S.), 4:25-cv-337 (J.A.C.C.), and 4:25-cv-343 (M.M.M.).

The following Petition for habeas corpus is denied: 4:25-cv-347 (G.A.G.C.).

IT IS SO ORDERED, this 24th day of November, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

6